United States District Court
Southern District of Texas
**ENTERED**
August 07, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BRANDEN  SIEGFRIED, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-254 |
| | § | |
| CAROLINA B KOLPACK, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. §
1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321
(1996), any prisoner action brought under federal law must be dismissed if the complaint
is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks
monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28
U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff Branden Siegfried's action is subject to screening
regardless whether he prepays the entire filing fee or proceeds as a pauper.  *Ruiz v.
United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d
578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se* complaint must be read
indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be
accepted as true, unless they are clearly irrational or wholly incredible, *Denton v.
Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's § 1983
claims against Defendants related to his parole revocation be dismissed with prejudice as

frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that, to the extent Plaintiff complains about the legality of his parole revocation, it is recommended that this claim be dismissed without prejudice to it being reasserted in a federal habeas corpus petition after exhausting available state remedies. It is respectfully recommended further that Plaintiff's conditions of confinement claims be dismissed without prejudice to Plaintiff raising such claims before the proper district court. Lastly, it is further recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.      JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.     BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Rudd Unit in Brownfield, Texas. On July 29, 2009, Plaintiff was convicted of family violence assault in Nueces County, Texas and sentenced to eight years in prison.

Plaintiff filed his Original Complaint on July 17, 2017, naming the following individuals as Defendants: (1) Carolina B. Kolpack, an intake official involved in the Battering Intervention and Prevention Training Program (BIPP); and (2) Dominic

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

Camilleri, a parole counselor.  On some unspecified date, Plaintiff was paroled from his Nueces County conviction.  On January 11, 2017, the parole board ordered Plaintiff as a condition of his parole to attend the BIPP.  Plaintiff participated in the intake process on March 27, 2017, and was accepted into the BIPP.

On April 3, 2017, Plaintiff was admonished by a BIPP facilitator for "excessively stretching and yawning" during one of the sessions.  (D.E. 1, p. 6).  Defendant Camilleri subsequently informed Plaintiff that Defendant Camilleri had received an extensive email from Defendant Kolpack regarding Plaintiff's behavior at the BIPP and that Plaintiff must never again attend the BIPP.  Plaintiff attempted to resolve this matter with Defendant Kolpack but to no avail.

A warrant was issued for Plaintiff's arrest, and Plaintiff turned himself over to the custody of the police.  Defendant Camilleri appeared at the Nueces County Jail where Plaintiff was in custody and sought to convince Plaintiff to waive his right to a parole revocation hearing.  Because Plaintiff's counsel had not arrived, Plaintiff decided to waive his hearing.  Plaintiff states that he has been "falsely" incarcerated at the Rudd Unit since June 25, 2017.  Plaintiff seeks monetary damages.

Plaintiff further complains about the conditions of his confinement at the Rudd Unit.  While not naming any Rudd Unit official as a defendant, Plaintiff alleges that he has endured temperatures of over 105 degrees, has been denied medications, and has been subjected to his cell-mate's urine, feces and blood.  (D.E. 1, p. 7).

### III.   LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).   An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.   *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).   The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.   *Id.*

A claim is frivolous if it has no arguable basis in law or fact.   *Neitzke v. Williams,* 490 U.S. 319 (1989).   A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."   *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

### IV.   DISCUSSION.

#### A.   Parole Revocation claims

Plaintiff specifically challenges the validity of his parole revocation by alleging that: (1) Defendant Camilleri advised him to waive his parole revocation hearing; and (2) Defendant Kolpack's "false and negative" statements in her email to Defendant Camilleri caused him to be "falsely incarcerated."   (D.E. 1, p. 7).   The undersigned will first

consider whether Plaintiff can properly raise claims attacking his parole revocation in a §
1983 action.

The Supreme Court has held that claims attacking the validity of state procedures
for determining parole eligibility are properly brought under § 1983 because such claims
would not necessarily spell speedier release and, therefore, do not lie at the "core of
habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).   Unlike the situation
present in *Wilkinson*, however, Plaintiff does not generally challenge any aspect of his
parole eligibility or the parole revocation procedures.   Rather, Plaintiff challenges the
conduct of Defendants which led to the revocation of his parole.   *See Jeffery v. Owens*,
216 F. App'x 396, 397 (5th Cir. 2006) (holding that a prisoner may not proceed with a §
1983 action under *Wilkinson* to challenge a specific error in the denial of his parole
application, but instead may bring such a civil rights action to make a general challenge
to parole procedures); *Lucas v. Jenkins*, No. A-11-CA-473-LY, 2011 WL 2604780, at *4
(W.D. Tex. Jun. 30, 2011) (holding *Wilkinson* to be inapplicable because the plaintiff
alleged specific errors leading to the revocation of his parole as opposed to generally
challenging the parole revocation procedures).   Accordingly, Plaintiff may not proceed
with his § 1983 claims under *Wilkinson*.

Under certain limited circumstances, a prisoner may challenge the validity of his
parole revocation through a § 1983 action for damages.   In this case, however, Plaintiff's
claims seeking damages for the invalid revocation of his parole are barred by the doctrine
enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).   In *Heck*,
the Court held that "in order to recover damages for allegedly unconstitutional conviction

or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87.

"It is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from challenging the revocation of their parole through a § 1983 action. *See Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995). *See also Renshaw v. Rodriguez*, No. C-07-149, 2007 WL 2461791, *1 (S.D. Tex. Aug. 24, 2007) (explaining that *Heck* bars as premature claims challenging: (1) alleged false statements made by the parole officer at the parole revocation hearing; (2) the reliance at the hearing on "tampered with documents in [the parole officer's] file at the hearing; and (3) the failure to provide evidence to the plaintiff until the day of the hearing).

In this case, Plaintiff's attempt to recover damages for the allegedly unconstitutional revocation of his parole is premature. Any ruling in Plaintiff's favor on his claims challenging Defendants' conduct that impacted his parole revocation "would necessarily imply the invalidity of" his parole revocation. *See Heck*, 512 U.S. at 487. Plaintiff, therefore, cannot maintain a § 1983 damage claim against Defendants unless or until he has successfully set aside the challenged parole revocation decision. Plaintiff

fails to indicate that he has successfully set aside his parole revocation through a habeas proceeding. As such, Plaintiff's § 1983 claims against Defendants are barred by *Heck* as premature, and it is respectfully recommended that they be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[2]

The undersigned next considers whether Plaintiff's action should be construed as a federal habeas corpus action. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is through a habeas corpus petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). A collateral attack on a parole revocation proceeding is properly brought in a federal habeas petition under 28 U.S.C. § 2254. *See Benavides v. Thaler*, C-12-039, 2012 WL 4718128, at *4 (S.D. Tex. Aug. 21, 2012).

Plaintiff, however, cannot seek immediate or speedier relief in a federal habeas corpus petition until after he has exhausted his available state court remedies. *See* 28 U.S.C. § 2254(b); *Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir. 1998). The exhaustion requirement applies to any challenge to the decision or validity of parole revocation proceedings that call into question the fact of confinement. *See McGrew v. Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Plaintiff offers no allegations to suggest that he has exhausted such remedies with respect to his parole revocation. Accordingly, to the extent Plaintiff complains about the validity of his parole

---

[2] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

revocation, it is recommended that this claim be dismissed without prejudice to it being reasserted in a federal habeas corpus petition after exhausting available state remedies.

### B.   Conditions of Confinement Claims

Plaintiff further complains about the conditions of his confinement at the Rudd Unit.   The Rudd Unit, however, is not located in the Corpus Christi Division of the Southern District of Texas.   Rather, the Rudd Unit is located in Brownfield, Texas, which is within the Lubbock Division of the Northern District of Texas.   Plaintiff nevertheless fails to name in his Original Complaint any prison official from the Rudd Unit who is responsible for his alleged constitutional deprivations.   Plaintiff, therefore, has not alleged sufficient information to allow the undersigned to sever his conditions of confinement claims from the Original Complaint and transfer same to the Lubbock Division of the Northern District of Texas.   Accordingly, it is respectfully recommended that the Court dismiss Plaintiff's conditions of confinement claims without prejudice to him filing a civil rights action in the proper district court.

## V.   CONCLUSION.

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's § 1983 claims against Defendants related to his parole revocation be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.   It is respectfully recommended further that, to the extent Plaintiff complains about the legality of his parole revocation, it is recommended that this claim be dismissed without prejudice to it

being reasserted in a federal habeas corpus petition after exhausting available state remedies. It is respectfully recommended further that Plaintiff's conditions of confinement claims be dismissed without prejudice to Plaintiff raising such claims before the Lubbock Division of the Northern District of Texas.

Lastly, it is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of the Court be instructed to forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov."

Respectfully submitted this 7th day of August, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).